**NORTH BROWARD HOSPITAL DISTRICT, a Special Tax District of the State of Florida, d/b/a Broward General Medical Center, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., in his Official Capacity as Secretary of the United States Department of Health and Human Services, Defendant.**

No. 89–6829 CIV.

United States District Court,
S.D. Florida.

Aug. 31, 1990.

Alan Dagen, Asst. U.S. Atty., S.D. Fla., Fort Lauderdale, Fla., Lana Smith Sensenig, Asst. Regional Counsel, Dept. of Health & Human Services, Atlanta, Ga., for plaintiff.

Michael W. Ford, Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, Fla., for defendant.

SUMMARY FINAL JUDGMENT

ZLOCH, District Judge.

THIS MATTER is before the Court upon Plaintiff's Motion For Summary Judgment (DE 22), Defendant's Motion For Judgment Affirming The Administrative Decision And Denying Plaintiff's Motion For Sum-

mary Judgment (DE 26), and Plaintiff's Request For Oral Argument On Cross–Motions For Summary Judgment (DE 21), the parties having agreed to the disposition of this cause pursuant to cross-motions for summary judgment (*see* DE 17, 18), and the court having carefully considered said Motions, having reviewed the court file and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED as follows:

1. Plaintiff's Motion For Summary Judgment (DE 22) be and the same is hereby DENIED for the reasons set forth below.

2. Defendant's Motion For Judgment Affirming The Administrative Decision And Denying Plaintiff's Motion For Summary Judgment (DE 26) be and the same is hereby GRANTED, and the decision of the Secretary of Health and Human Services denying Plaintiff's claim for reimbursement is hereby AFFIRMED.

This Court has before it the complete administrative record as well as the briefs filed by able counsel and no oral argument on this matter is needed.

This case involves a challenge to the decision of the Provider Reimbursement Review Board that certain educational costs incurred by Plaintiff, North Broward Hospital District in its capacity as a provider of medical services, would not be reimbursed by the Medicare Program. Plaintiff's contentions are threefold: first that the Board's decision was arbitrary and capricious, second, that the Board's decision is unsupported by substantial evidence, and finally that the Board erroneously interpreted the regulations in rendering its decision. Implicit throughout Plaintiff's Memorandum of Law in Support Of Its Motion For Summary Judgment (DE 24) is the argument that Plaintiff was caught unaware by the Board's decision because Plaintiff was not on notice that the Board was considering the "reasonableness" of the costs incurred as well as their proper classification as either malpractice or educational costs. Defendant, on the other hand, controverts all of Plaintiff's contentions.

As a preliminary matter, the task before this Court is to ascertain whether the Board's interpretation and application of certain Medicare regulations, was "arbitrary and capricious," unreasonable or inconsistent with the statute. 5 U.S.C. section 706(2) (1985); *see also Carraway Methodist Medical Center v. Heckler,* 753 F.2d 1006, 1009 (11th Cir.1985). Pursuant to statutory authority, the Secretary has enacted regulations governing reimbursement for provider hospitals such as the Plaintiff. Such regulations are codified at 42 C.F.R. part 413. In this case the Board applied and interpreted several regulations, including, 42 C.F.R. section 405.451, in disallowing the reimbursement requested by the Plaintiff for the costs classified as education costs. The circumstances surrounding the expenditure of the funds at issue by Plaintiff involve an agreement between a private medical school, the University of Miami and the Plaintiff, hospital. The University and Plaintiff executed an agreement whereby the two would participate in a residency program at the obstetrics department of the hospital. The executed agreement between the Plaintiff and the University contained an indemnification clause whereby Plaintiff agreed to indemnify the University for any losses incurred by the University in connection with the residency program. A medical malpractice cost in the amount of $3.1 million was incurred by the University while participating in the residency program, and Plaintiff, acting pursuant to its agreement, indemnified the University for the loss. In turn, Plaintiff sought reimbursement from the Medicare Program for the $3.1 million, claiming that the loss was an allowable "educational cost." Prior to submitting a claim for reimbursement directly to the Medicare program, the claim is processed through a fiscal intermediary, in this case, Blue Cross/Blue Shield. Here, the intermediary determined that the $3.1 million was not properly considered to be an educational cost, but, rather should be classified as a malpractice expense. The Plaintiff appealed that determination, and after

conducting a hearing and reviewing memoranda submitted by the parties, the Provider Reimbursement Review Board found that although the cost at issue was properly classified as an educational expense, it was not allowable because it was unreasonable, neither necessary nor proper, and neither a common nor accepted occurrence in the Plaintiff's occupational field. This decision became final after the Secretary elected not to reverse or modify it. 42 U.S.C. section 1395oo (f).

The requisite statute, 42 U.S.C. section 1395x(v)(1)(A), permits reimbursement for the lesser of reasonable costs or customary charges. Neither party has contended that customary charges are involved in this matter. Therefore, the Board focused upon reasonable costs which are defined as "the cost actually incurred, excluding therefrom any part of incurred cost found to be unnecessary in the efficient delivery of needed health services ..." 42 U.S.C. section 1395x(v)(1)(A) (1985). The regulations enacted governing reimbursement provide that reimbursement shall be made only for reasonable costs. 42 C.F.R. section 413.9. The regulations further define reasonable costs as including only "necessary and proper costs incurred in furnishing the services." 42 C.F.R. section 413.9(a). Necessary and proper costs are those which are "appropriate and helpful in developing and maintaining the operation of patient care facilities and activities" and are "usually costs that are common and accepted occurrences in the field of the provider's activities." 42 C.F.R. section 413.9(b)(2). In addition, the burden of proof lies with the Plaintiff to demonstrate entitlement to additional reimbursement. *See Fairfax Hospital Association, Inc. v. Califano,* 585 F.2d 602, 611 (4th Cir.1978).

In this case, the administrative record and the Board's decision reflects the failure on the part of Plaintiff to demonstrate that the costs incurred comported with the standards of reasonableness required by the Secretary. Now, after the fact, Plaintiff complains that it was unaware of the fact that the Board would consider the reasonableness of the costs, thus it never had the opportunity to present evidence on this point. We find this wholly incredible in light of the administrative record and the clear language of the regulations themselves.

First, Plaintiff has always taken the position that its costs were "educational costs" in spite of the intermediary's classification of the costs as malpractice costs. Therefore, Plaintiff must have been aware that the next step in determining whether such costs warranted reimbursement would be to determine whether such educational costs were "allowable." Only reasonable costs are allowable. In any event, the Board has the authority to "make any other revisions on matters covered by such cost report (including revisions adverse to the provider of services) even though such matters were not considered by the intermediary in making such final determination." 42 U.S.C. section 1395oo (d).

Second, Plaintiff addressed the reasonableness of the costs in its pre-hearing memorandum. (DE 12, p. 810). The reasonableness of the costs became a focal point of the hearing, and Plaintiff's witness was asked many questions regarding the costs, Plaintiff's reasons for entering into the indemnity agreement, and what other hospitals did with regard to such an indemnity agreement. (DE 12, p. 286–289, 299, 313–318, 342–343, 347–348, 362–374, 377–382, 386–389). The answers supplied by Plaintiff's witness indicated that the Plaintiff had not done a great deal of research into either the availability or the prevailing rates of insurance coverage at the time they signed the indemnity agreement. Plaintiff's witness, who was an accountant, and not an attorney gave some answers regarding the extent and availability of sovereign immunity which were questioned by the Board. The fact that Plaintiff failed to address the reasonableness of the costs, and the concerns raised by Plaintiff's witness's answers was explicitly recognized by the Board, and Plaintiff was requested to submit post-hearing memoranda on these points (DE 12, p. 404–405) but failed to do so.

In addition, as pointed out by Defendant, Plaintiff has never requested an additional

opportunity to present live testimony to the Board. Plaintiff cannot fail to meet its burden by nonproduction of evidence and then complain that it was never afforded the opportunity to address the issue at hand.

In addition, this Court finds that the Board's determination that the incurment of the costs at issue was unreasonable is supported by substantial evidence. Plaintiff failed to demonstrate that leaving itself open to liability—to virtually unlimited liability—without purchasing insurance to cover such potential liability in that fashion, was either necessary, appropriate or customary. In light of the fact that Plaintiff, as a state agency, may have committed an unauthorized, thus possibly unenforceable waiver of sovereign immunity by executing the indemnity agreement, Plaintiff failed to demonstrate that it even considered the enforceability of the agreement before paying out the $3.1 million to the University. Although requested by the Board, Plaintiff failed to present any evidence regarding whether or not its indemnification agreement was ever actually enforceable under the law.

It is also a wholly proper statutory interpretation to require that in order to be reimburseable, claimed costs be reasonably incurred. Plaintiff's own interpretation of 42 C.F.R. section 405.4519(a) which would effectively require reimbursement of any and all costs which could be classified as costs relating to "educational activities" is misguided. This Court has found absolutely no authority for this proposition, and has been cited to none by Plaintiff who is content to rely upon the "plain, literal reading of 42 C.F.R. sections 405.451(a) and (g)." (*See* DE 24). However, this Court must accord substantial deference to the Secretary's interpretation of the regulations at issue here, and we find the Secretary's reading which requires that all costs of educational activity be reasonably incurred, as well as necessary and appropriate, to be a fair, plausible and consistent interpretation.

For all of the above reasons this Court finds that the decision of the Secretary is supported by substantial evidence, and is therefore AFFIRMED.

3. The above-styled cause be and the same is hereby DISMISSED.

4. Plaintiff's Request For Oral Argument On Cross–Motions For Summary Judgment (DE 21) be and the same is hereby DENIED.

DONE AND ORDERED.